**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **WARREN PASCHAL, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **NO. 4:26-cv-000674-CDL-ALS** |
| **JOHN DOE,** | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Warren Paschal, Jr., a prisoner in the Muscogee County Jail in Columbus, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid the filing fee. Therefore, the Court presumes that Plaintiff seeks leave to proceed *in forma pauperis*. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis* absent imminent danger of serious physical injury. Because Plaintiff has not alleged facts showing imminent danger, leave to proceed *in forma pauperis* is **DENIED** and this complaint is **DISMISSED** as set forth below.

### ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury.  *Id.*  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits and appeals and that at least three of these complaints or appeals were dismissed as frivolous or malicious or for failure to state a claim.  *See, e.g., Paschal v. Petty*, Appeal No. 22-13299, (11th Cir. May 19, 2023) (appeal dismissed as frivolous); *Paschal v. Walkman*, Appeal No. 22-12112-A (11th Cir. Dec. 12, 2022) (appeal dismissed as frivolous); *Paschal v. Petty*, Case No. 4:22-cv-00019-CDL-MSH (M.D. Ga. Sep. 19, 2022) (dismissed as malicious for abuse of judicial process due to failure to truthfully disclose litigation history);[1] *Paschal v. Walkman,* Case No. 4:21-cv-00213-CDL-MSH (M.D. Ga.

---

[1]A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C.

June 7, 2022) (dismissed for failure to state a claim).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998); *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *3 (N.D. Fla. July 5, 2023) ("[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger.").  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Plaintiff complains that a "deputy officer allow[ed] a mental health inmate

---

§ 1915(g). *Rivera,* 144 F.3d at 731 (holding that dismissal of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'"). In fact, a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)." *Id*. (citations omitted).

to urinate and have body waste at the entrance of his cell" and that the inmate "should be in suicide." ECF No. 1 at 1. Even liberally construing the complaint and accepting all allegations as true, Plaintiff has not alleged an "imminent danger of serious physical injury." 28 U.S.C. § 1915; *see Medberry*, 185 F.3d at 1193 (holding that the plaintiff failed to qualify under the imminent danger exception because the complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff, therefore, may not proceed *in forma pauperis*, and his action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)"). Accordingly, leave to proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED,** this 12th day of May, 2026.

S/Clay D. Land_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

4